**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY MCLOYD CRAWFORD,

      Plaintiff - Appellant,

v.

GREAT PLAINS CORRECTIONAL
FACILITY; NORTH CAROLINA
DEPARTMENT OF CORRECTIONS,

      Defendants - Appellees.

No. 96-6085
(D.C. No. CIV-95-1633)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

Plaintiff is a North Carolina prisoner in custody at Great Plains

Correctional Facility ("GPCF"). Proceeding pro se, plaintiff filed an in forma

pauperis complaint alleging injuries to his finger caused by a closing steel door.

He named as defendants GPCF, the North Carolina Department of Corrections,

and unnamed "Unknown" defendants. His complaint alleges negligence and gross

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

negligence on the part of the defendants and requests $10,000 in compensatory damages, $2,000 in punitive damages, and an injunction requiring defendants to install doorstops on all doors at GPCF.

The case was referred to a magistrate judge. The magistrate issued a Report and Recommendation, which carefully considered any possible claim that could be extrapolated from plaintiff's pleading, and recommended the complaint be dismissed as frivolous under former 28 U.S.C. § 1915(d) (now codified at 28 U.S.C. § 1915(e)(2)(B)(i)). The magistrate ordered plaintiff to file objections to the recommendation by February 24, 1996, specifically stating that failure to do so would result in waiving the right to appeal. On February 29, the district judge, noting that no objections had been filed, adopted the Report and Recommendation and dismissed the complaint. Plaintiff appealed on March 6.

A plaintiff who fails to object in a timely manner to a magistrate's report and recommendation waives his right to appellate review. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). We may make exceptions in cases where the interests of justice so require. Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996). In this case, plaintiff, in response to inquiry from this court, has shown that he did not receive the magistrate's Report and Recommendation until February 26, two days after the magistrate's deadline had passed, and only three days before the district court entered judgment dismissing

his complaint.  In these circumstances, we conclude that the interests of justice require us to make an exception to the waiver rule.

Next we turn to the merits.  Having carefully reviewed the record, particularly plaintiff's complaint, we AFFIRM for substantially the same reasons given in the magistrate's Report and Recommendation.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge