**PUBLISH**

UNITED STATES COURT OF APPEALS

**Filed 1/18/96**

TENTH CIRCUIT

---

FRED L. FOTTLER,

    Plaintiff – Appellant,

    v.

UNITED STATES OF AMERICA; GARY
L. AINSWORTH, Special Agent,
ATF; PAUL HEH, Sargeant, APD;
FRED MOORE, Special Agent,
DEA; DAVID BOHN also known as
Peter Adang; JAMES TIERNEY,
AUSA, individually and in
their official capacities,

    Defendants – Appellees.

No. 95-2083

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV 94-1011 LH/LFG)

---

Submitted on the briefs:

Fred Fottler, pro se, Boron, California, for Plaintiff-Appellant.

---

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.

---

McKAY, Circuit Judge.

---

    After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.

R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Fred Fottler, a federal prisoner, appeals the dismissal of his civil rights action brought under 42 U.S.C. § 1983 and various other statutes. Mr. Fottler proceeds pro se and in forma pauperis. He alleged in his complaint that the means used to arrest and convict him were unconstitutional. The magistrate judge recommended dismissing the case as frivolous under 28 U.S.C. § 1915(d) because of the Supreme Court's holding in <u>Heck v. Humphrey</u>, 114 S. Ct. 2364 (1994). <u>Heck</u> establishes that a plaintiff may not use a § 1983 action to challenge the constitutionality of his conviction if that conviction has not been reversed or otherwise set aside. <u>Id.</u> at 2372. The magistrate judge reasoned that <u>Heck</u> controls, because "Plaintiff has not successfully set aside, or challenged his federal conviction . . . ." R. Vol. I, pt. 2, at 4.

Mr. Fottler moved for a thirty-day extension of time to file objections to the magistrate judge's recommendations. R. Vol. I., pt. 3. The magistrate judge granted Mr. Fottler's motion. R. Vol. I, pt. 7. Mr. Fottler then requested, in a document styled "Objections To Denied Motions", that the court dismiss his action without prejudice, if the court were indeed inclined to dismiss. R. Vol. I, pt. 11. Otherwise, Mr. Fottler did not file any objections to the magistrate judge's recommendations. The

2

district court adopted the magistrate judge's analysis and recommended disposition and dismissed Mr. Fottler's complaint with prejudice.

Failure of a plaintiff to object to a magistrate judge's recommendations results in a waiver of appellate review.  <u>Moore v. United States</u>, 950 F. 2d 656, 659 (10th Cir. 1991).  This remains true for pro se litigants if the plaintiff was properly informed of the consequences of his failure to object.  <u>Id.</u>  We may make an exception to this rule, however, where the interests of justice so require.  <u>Id.</u>  Here, Mr. Fottler was properly notified in the magistrate judge's recommendations of the consequences of failing to object.  R. Vol. I, pt. 2, at 1 n.1. Mr. Fottler did not object to the dismissal of his action pursuant to § 1915(d).  Thus, he has waived appellate review of this issue.  The interests of justice do not require us to make an exception in this case.

Mr. Fottler did object, however, to the magistrate judge's recommendation that the action be dismissed with prejudice. Construing a pro se litigant's pleadings liberally, we find that Mr. Fottler's motion entitled "Objections to Denied Motions" properly raised an objection to the magistrate judge's recommendation that the action be dismissed with prejudice.  We conclude that the district court erred when it adopted this recommendation.

When a § 1983 claim is dismissed under <u>Heck</u>, the dismissal should be without prejudice.  <u>See, e.g.,</u> <u>Perez v. Sifel</u>, 57 F. 3d 503, 505 (7th Cir. 1995) (per curiam); <u>Trimble v. City of Santa Rosa</u>, 49 F. 3d 583, 585 (9th cir. 1995); <u>Schafer v. Moore</u>, 46 F. 3d 43, 45 (8th Cir. 1995).  If Mr. Fottler is later successful in overturning his conviction, he should be allowed to bring his § 1983 action at that time.  Thus, his case should be dismissed without prejudice.

We AFFIRM the district court but REMAND with directions to MODIFY the judgment to reflect that Mr. Fottler's claim is dismissed without prejudice.

4