F I L E D
United States Court of Appeals
Tenth Circuit

OCT 2 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH E. PORTER,

      Plaintiff-Appellant,

v.

JEFFREY T. STICKLEY,

      Defendant-Appellee.

No. 97-4022
(D.C. No. 95-CV-538-C)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Joseph Porter ("Porter") brought suit under 42 U.S.C. § 1983 against his probation

officer, Jeffrey Stickley ("Stickley"), alleging that Stickley had violated Porter's

constitutional rights by insisting that Porter remain employed during his probation and by

allowing a camera crew to film Porter's arrest for probation violations. (R. 12.) The

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court granted Stickley summary judgment. (R. 46.) Porter appeals and seeks to proceed in forma pauperis. We deny him permission to proceed in forma pauperis and dismiss the appeal as frivolous.

Below, the district judge referred the case to a magistrate judge for a report and recommendation. (R. 6.) The magistrate judge recommended that Stickley's motion for summary judgment be granted. (R. 44 at 7.) The report and recommendation directed parties to file objections to its findings and conclusions and warned that failure to do so would constitute a waiver of issues on appeal. (R. 44 at 7-8.) Porter's sole objection was that the magistrate judge did not grant his motion for a default judgment (which Porter filed after Stickley failed to reply to Porter's response to Stickley's motion for summary judgment). (R. 45.) The district court found Porter's objection meritless, adopted the magistrate judge's report and recommendation, and granted summary judgment for Stickley. (R. 46.)

"Failure of a plaintiff to object to a magistrate judge's recommendations results in a waiver of appellate review. This remains true for pro se litigants if the plaintiff was properly informed of the consequences of his failure to object." Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996) (internal citations omitted). The report and recommendation warned Porter that he must submit objections to preserve issues for appeal. (R. 44 at 7-8.) Consequently, the only issue Porter preserved for appeal is whether the court should have granted his motion for a default judgment. Given that the District of Utah does not require a party moving for summary judgment to file a reply

brief opposing the non-movant's response, <u>see</u> District of Utah Rule 202(b)(3), it was not an abuse of discretion for the court to deny Porter's motion.

Porter's appeal is frivolous. Thus, we DENY him permission to proceed in forma pauperis and, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) (1996), DISMISS the appeal. This appeal counts as a "strike" pursuant to the Prison Litigation Reform Act. <u>See</u> 28 U.S.C. § 1915(g) (1996).

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge