125 F.3d 862
 97 CJ C.A.R. 2148
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph E. PORTER, Plaintiff-Appellant,
v.
Jeffrey T. STICKLEY, Defendant-Appellee.
 No. 97-4022.
 United States Court of Appeals, Tenth Circuit.
 Oct. 2, 1997.
 
 Before BRORBY, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Joseph Porter ("Porter") brought suit under 42 U.S.C. § 1983 against his probation officer, Jeffrey Stickley ("Stickley"), alleging that Stickley had violated Porter's constitutional rights by insisting that Porter remain employed during his probation and by allowing a camera crew to film Porter's arrest for probation violations. (R. 12.) The district court granted Stickley summary judgment. (R. 46.) Porter appeals and seeks to proceed in forma pauperis. We deny him permission to proceed in forma pauperis and dismiss the appeal as frivolous.
 
 
 2
 Below, the district judge referred the case to a magistrate judge for a report and recommendation. (R. 6.) The magistrate judge recommended that Stickley's motion for summary judgment be granted. (R. 44 at 7.) The report and recommendation directed parties to file objections to its findings and conclusions and warned that failure to do so would constitute a waiver of issues on appeal. (R. 44 at 7-8.) Porter's sole objection was that the magistrate judge did not grant his motion for a default judgment (which Porter filed after Stickley failed to reply to Porter's response to Stickley's motion for summary judgment). (R. 45.) The district court found Porter's objection meritless, adopted the magistrate judge's report and recommendation, and granted summary judgment for Stickley. (R. 46.)
 
 
 3
 "Failure of a plaintiff to object to a magistrate judge's recommendations results in a waiver of appellate review. This remains true for pro se litigants if the plaintiff was properly informed of the consequences of his failure to object." Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir.1996) (internal citations omitted). The report and recommendation warned Porter that he must submit objections to preserve issues for appeal. (R. 44 at 7-8.) Consequently, the only issue Porter preserved for appeal is whether the court should have granted his motion for a default judgment. Given that the District of Utah does not require a party moving for summary judgment to file a reply brief opposing the non-movant's response, see District of Utah Rule 202(b)(3), it was not an abuse of discretion for the court to deny Porter's motion.
 
 
 4
 Porter's appeal is frivolous. Thus, we DENY him permission to proceed in forma pauperis and, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) (1996), DISMISS the appeal. This appeal counts as a "strike" pursuant to the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g) (1996).
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3