**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TIMOTHY JOHNSTON,

      Plaintiff -Appellant,

v.

M. MCKINNA; GLORIA MASTERSON;
JIM WEBBER; BILL REED; LARRY
LARA; JERRY CARLAND; and DAVID
GREEN,

      Defendants -Appellees.

No. 97-1198

(D.C. No. 97-D-324)

(D. Colo.)

ORDER AND JUDGMENT[*]

Before BALDOCK, McKAY, and LUCERO, Circuit Judges.

After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, a state prisoner at the Colorado Territorial Correctional Facility, appeals the dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff, proceeding *pro se*, claimed that his prison disciplinary conviction was unconstitutional and that his constitutional right of access to the courts was violated. Plaintiff alleges on appeal that the district court erred by dismissing the section 1983 action because the court had made a previous determination that the action had merit when it granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay filing fees. Plaintiff also contends that his complaint was erroneously dismissed before service of process could be made and without allowing him an opportunity to amend his complaint pursuant to Federal Rule of Civil Procedure 15.

All persons who bring a civil action or an appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 are required to pay filing fees regardless of whether their action or appeal has merit or is frivolous.[1] See 28 U.S.C. § 1915(b)(1) & (e)(2) (prisoner is required to pay filing fee and court may dismiss notwithstanding such payment). Additionally, while Federal Rule of Civil Procedure 15 permits Plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, it does not prevent a court from dismissing the action prior to that occurrence. Section 1915 gives a district court the authority to dismiss an action at any time if it is frivolous, fails to state a claim on which

---

[1] Title 28 U.S.C. § 1915(b)(4) provides that prisoners without any assets or means by which to pay the initial filing fee are not prohibited from bringing a civil action or appealing a civil or criminal judgment. This exception does not apply to Plaintiff.

relief may be granted, or seeks money damages from an immune defendant.  See id.

§ 1915(e)(2)(B).  Therefore, we affirm for substantially the reasons stated by the district

court in its Order of Dismissal filed May 5, 1997, and remind Plaintiff that the section

1983 claim concerning his prison disciplinary conviction is dismissed without prejudice.

See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996).  We further hold

that this appeal is frivolous or fails to state a claim under § 1915(e)(2)(B)(i) or (ii) for

purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).

AFFIRMED.


Entered for the Court


Monroe G. McKay
Circuit Judge

3