**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY KEVIN RILEY,

      Plaintiff-Appellant,

v.

ANTHONY GRASSO,

      Defendant-Appellee.

No. 97-6234
(D.C. No. 96-CV-1912)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, an inmate of the State of Oklahoma appearing pro se, appeals from the district court's order entering judgment in favor of defendant in this civil rights suit filed under 42 U.S.C. § 1983. We exercise jurisdiction under 28 U.S.C. § 1291, grant plaintiff's motion to proceed in forma pauperis on appeal, and affirm.

Plaintiff broke a bone in his right hand during his arrest for drunk and disorderly behavior on November 3, 1994. He alleged that defendant, a police officer, violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment by denying him medical care for seven hours afterwards. In his verified complaint, plaintiff alleged that he complained to defendant of pain in his right hand shortly after his arrest and again when he was being placed in a cell, but that defendant ignored his injury. Seven hours later, plaintiff noticed his hand had swollen, and complained again to someone else. At that time, plaintiff was taken to a hospital for medical care. He was told by medical personnel that his hand could not be placed in a cast because it was too swollen, and surgery was required. He was told he could have had a cast placed instead of surgery if he had received treatment when his hand was first broken. Plaintiff contends his hand was permanently damaged as a result of not receiving immediate medical treatment.

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The magistrate judge granted plaintiff leave to proceed in forma pauperis in the district court, treated defendant's motion as one for summary judgment under Fed. R. Civ. P. 56, and recommended that judgment be entered for defendant. Plaintiff filed no objections to the magistrate judge's recommendation, which the district court adopted.

Because plaintiff was properly informed that his right to district court and appellate review depended on his filing objections to the magistrate judge's recommendation, his failure to do so amounts to a waiver of appellate review. See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996). Even if he had filed objections, as a pretrial detainee, his constitutional rights were violated only if defendant knew of his serious medical need and was deliberately indifferent to it. See Barrie v. Grand County, 119 F.3d 862, 868-69 (10th Cir. 1997). "'[A]n official . . . acts with deliberate indifference if [his] conduct . . . disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights.'" Id. at 869 (quoting Berry v. City of Muskogee, 900 F.2d 1489, 1496 (10th Cir. 1990)). Although defendant ignored plaintiff's initial complaints of pain, plaintiff was taken to the hospital for treatment as soon as he noticed his hand had swollen and showed it to a police officer. We hold that the

facts plaintiff alleged do not constitute deliberate indifference as a matter of law, and plaintiff has failed to allege a constitutional violation.

Plaintiff's motion to proceed on appeal in forma pauperis is GRANTED. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge