**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEMETRIO MUNOZ,

    Plaintiff-Appellant,

v.

J. LEE CATHEY, Attorney at Law,
Carlsbad, NM; MARK L. PICKERING,
District Attorney, Carlsbad, NM; JAMES
L. SHULER, District Court Judge,
Carlsbad, NM; RUBEN MONTEZ,
Narcotics Agent,

    Defendants-Appellees.

No. 98-2002
(D.C. No. CIV-97-1337-BB)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Demetrio Munoz appeals the district court's order dismissing his 42 U.S.C. § 1983 action. We affirm.

Munoz brought his § 1983 action against his state trial counsel, the state district attorney who prosecuted his case, the state court judge who presided at trial, and a state narcotics agent who testified in the case. He claimed defendants engaged in a conspiracy to wrongfully convict him in state court. Munoz alleged defendants met outside his presence during a break in the trial, resulting in Munoz' counsel failing to call a witness to testify on his behalf and in the state narcotics agent changing his trial testimony. Munoz sought monetary relief against defendants in their individual and official capacities, unspecified injunctive and declaratory relief, and prospective relief. The district court concluded Munoz's § 1983 claim for declaratory relief and damages "calls into question the constitutionality of the criminal conviction by which he is incarcerated," and dismissed the action without prejudice. Record, Doc. 6 at 2. The court also dismissed Munoz's claims for prospective relief.[1]

To recover damages for allegedly unconstitutional convictions or imprisonment, or for other harms caused by actions whose unlawfulness would render a conviction or a sentence invalid, a § 1983 plaintiff must prove the conviction or sentence has been

_____

[1] On appeal, Munoz also claims the district court erred in failing to allow him to object to the magistrate court's recommendations. The record indicates the district court referred Munoz's claim to a magistrate, but there is no indication the magistrate issued any recommendations before the district court dismissed the case.

reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Thus, when a state prisoner seeks damages under § 1983, the district court must consider whether a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate the conviction or sentence has already been invalidated. Id. However, when a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice so if defendant is later successful in overturning his conviction he can bring a new § 1983 action. See Fottler v. Untied States, 73 F.3d 1064, 1065-66 (10th Cir. 1996).

Munoz claims his conviction was unconstitutional. He has made no attempt to comply with Heck. There is no indication in the record that his conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, his claims for monetary and declaratory relief were properly dismissed.

Munoz also sought prospective relief; specifically, "resignation of all state and private officials for violating Plaintiff's Civil and Constitutional Rights in entering into the conspiracy, under color of state law, in order to force integrity into processes for the Full-Faith and Credit Clause." Record, Doc. 1 at 6. A § 1983 plaintiff's claim for prospective relief does not necessarily call into question the constitutionality of the

criminal conviction for which he is incarcerated.  See Edwards v. Balisok, 117 S.Ct.

1584, 1589 (1997).  Therefore, a § 1983 claim that does not "imply the invalidity of the

punishment imposed" is cognizable if plaintiff can establish standing and meet the other

necessary requirements.  Id.  Munoz's claim clearly implies invalidity of his conviction

and was properly dismissed.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge