**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY ABEYTA,

        Petitioner-Appellant,

v.

BILL CLEMENTS-POTTER,
Warden/Director of T.D.C.J., and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 98-2103

(D.C. No. CIV-97-706-LH)

(D. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Ricky Abeyta, proceeding pro se, appeals the district

court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254.

Petitioner is serving a life sentence in a Texas Department of Corrections facility following conviction for multiple counts of first degree and second degree murder and manslaughter. In his habeas corpus petition filed May 20, 1997, Petitioner alleged that two jury instruction errors violated his due process rights. On September 4, 1997, the magistrate judge issued its findings and recommendation. While noting that the petition could be denied for failure to exhaust New Mexico remedies, the magistrate judge elected to address the merits of Petitioner's claims. The magistrate judge found that the alleged instructional errors did not render Petitioner's trial fundamentally unfair and, accordingly, recommended that the claim be denied with prejudice. The magistrate judge notified Petitioner that he had ten days to file objections to the findings and recommendation and that failure to object would waive appellate review. See R., Doc. 15 at 1 n.1. Noting Petitioner's failure to file objections,[1] the district court adopted the magistrate judge's findings and recommendation and dismissed the habeas petition with prejudice on September 30, 1997.

On October 3 and 6, 1997, Petitioner filed identical documents entitled "Answer to Magistrate Judge's Findings and Recommended Disposition" in the

---

[1]Applying Federal Rules of Civil Procedure 72(b), 6(a), and 6(e), Petitioner had until September 22, 1997, to file objections.

district court. In these documents, Petitioner essentially requested the court to deny his petition without prejudice rather than with prejudice so that he could exhaust his state remedies. See id., Docs. 17 & 18 at 3. Although the documents are deemed filed as of September 26, 1997, the date on the certificate of service, see Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 275-76 (1988), they were filed too late to be considered as objections to the magistrate judge's report. However, after Petitioner filed a notice of appeal which the Government alleged was untimely, this court entered an order construing these "Answer" documents as timely motions under Federal Rule of Civil Procedure 59(e) for reconsideration of the district court's dismissal "with prejudice" rather than "without prejudice," and we abated Petitioner's appeal pending disposition by the district court.[2] In an Order filed on November 9, 1998, the district court summarily denied the Rule 59(e) motions.[3] Petitioner timely appealed and now requests this court to issue a certificate of appealability.

As a threshold issue, we must determine whether Petitioner's failure to timely file objections to the magistrate judge's findings and recommendation has

---

[2]Because the "Answer" documents were filed within ten days of the district court's entry of judgment, they were treated as motions to alter or amend the judgment under Rule 59(e). See Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995).

[3]The district court previously had denied Petitioner's motion for a certificate of appealability.

waived his right to appeal. This court has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). This rule does not apply, however, when the magistrate judge does not inform a pro se litigant of the consequences of failing to object or when the interests of justice dictate otherwise. See id. at 659.

Having reviewed the record and Petitioner's brief on appeal, we conclude that Petitioner was properly advised of the consequences of his failure to object to the magistrate judge's findings and recommendation but failed to so timely object. Thus, he has waived his right to appellate review of the factual and legal issues contained in the magistrate judge's report and recommendation. Nothing in the record would cause us to reject the waiver rule in this case; the interests of justice do not dictate our appellate review of the magistrate judge's findings and recommendation.

However, failure to object to the magistrate judge's report does not necessarily waive the right to appeal the district court's decision to dismiss the claims with prejudice, which is a legal conclusion distinct from those contained in the magistrate judge's report. Because we construed Petitioner's filings on October 3 and 6, 1997, as Rule 59(e) motions challenging whether the court

properly dismissed with prejudice rather than without prejudice, Petitioner effectively objected to the dismissal with prejudice.[4]  See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996).  Nevertheless, we agree with the magistrate judge's findings on the merits and, therefore, conclude that the district court did not abuse its discretion by dismissing with prejudice.

For these reasons, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  His request for a certificate of appealability is DENIED, and the appeal is DISMISSED.[5]

Entered for the Court


Monroe G. McKay
Circuit Judge

_____

[4]Because Plaintiff waived the right to appeal the underlying merits of the dismissal by failing to object to the magistrate judge's findings and recommendation, our general rule that we consider the merits of the underlying decision in an appeal of a Rule 59(e) motion is not applicable here.  See Artes-Roy v. City of Aspen, 31 F.3d 958, 961 n.5 (10th Cir. 1994) (noting that an appeal from the denial of a Rule 59 motion will be sufficient to permit consideration of the merits of the underlying summary judgment if the appeal is *otherwise proper*) (emphasis added).  Accordingly, Plaintiff has preserved for review only the issue of whether the court properly dismissed with prejudice rather than without prejudice.

[5]We also deny Petitioner's motion for appointment of counsel filed in this court on May 6, 1999.