**F I L E D**

**UNITED STATES COURT OF APPEALS**

**OCT 15 1999**

**TENTH CIRCUIT**

---

JERRY D. GRADY,

  Plaintiff-Appellant,

v.

STATE OF COLORADO, real party in interest; GUS SUNDSTROM, Pueblo District Attorney,

  Defendant-Appellee.

No. 99-1227
(D.C. No. 99-Z-29)
(D. Colo.)

---

**ORDER AND JUDGMENT**<sup>*</sup>

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* FED. R. APP. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

---

  <sup>*</sup>This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jerry Grady filed a civil rights complaint under 42 U.S.C. § 1983 challenging the validity of his criminal conviction and seeking expungement of the conviction and damages for illegal confinement. To the extent Mr. Grady sought to overturn his conviction, the district court construed the complaint as seeking a writ of habeas corpus under 28 U.S.C. §2254 and dismissed it for failure to exhaust state remedies. The district court also dismissed the claim for damages under *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Grady appeals and we affirm.

On appeal, Mr. Grady asserts that he has in fact exhausted his state remedies. This assertion is contrary to his complaint in the district court where he alleged that he had not filed any other actions in state or federal court dealing with the facts involved in this action. Mr. Grady's conclusory assertions on appeal do not satisfy his burden to establish that he has in fact raised the same issues in state court.[1]

The district court correctly concluded that under *Heck v. Humphrey*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

[1]Mr. Grady also contends he did not consent to transfer of this action to Judge Zita Weinshienk, whom he believes to be a magistrate judge. However, Judge Weinshienk is a District Judge for the District of Colorado.

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. *See also Fottler v. United States,* 73 F.3d 1064 (10th Cir. 1996). Pursuant to *Fottler*. the district court dismissed Mr. Grady's action without prejudice. If Mr. Grady can establish he has in fact exhausted his state court remedies, he may refile this action.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge