F I L E D
United States Court of Appeals
Tenth Circuit

FEB 23 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARTIN PETE HERNANDEZ,

Plaintiff-Appellant,

v.

LEE KENNY, parole agent; RODNEY
LEPLANT; BLAKE WOODRING;
LES DAROCZI, District Attorney,
Weber County; CURTIS GARNER,
and MICHAEL R. SIBBETT, Board of
Pardons and Parole; MANNY
GARCIA, attorney; PUBLIC
DEFENDER ASSOCIATION OF
WEBER COUNTY,

Defendants-Appellees.

No. 99-4236
(District of Utah)
(D.C. No. 99-CV-649-K)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Martin P. Hernandez, a *pro se* prisoner proceeding *in forma pauperis*, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights complaint. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **reverses** the district court's order of dismissal.

In his § 1983 complaint, Hernandez asserted that he was arrested without a warrant, that he was not released or charged within seventy-two hours of his arrest, that he was sentenced to prison "illegally," and that he was denied an appeal. The matter was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that all of Hernandez's claims be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In so recommending, the magistrate judge simply noted, without any further analysis of each of Hernandez's individual claims, that "[b]ecause a judgment in [Hernandez's] favor would imply the invalidity of his conviction, [he] is barred from this action for damages unless his underlying conviction or sentence has been invalidated." Report & Recommendation ("R & R") at 2. Hernandez filed written objections to the magistrate judge's R & R, asserting that dismissal of his claims relating to the warrantless arrest and the failure to charge or release within seventy-two hours were not properly dismissed pursuant to

*Heck*. He further asserted that even if those claims were properly dismissed pursuant to *Heck*, dismissal with prejudice was not appropriate. In response to Hernandez's objections to the R & R, the district court conducted a *de novo* review of those issues raised in Hernandez's objections, adopted the R & R, and dismissed the complaint with prejudice.

On appeal, Hernandez asserts that the district court erred in dismissing his warrantless-arrest and charge-or-release claims pursuant to *Heck*. As this court recently noted, "*Heck* applies only to those claims that would necessarily imply the invalidity of any conviction." *Beck v. City of Muskogee*, 195 F.3d 553, 557 (10th Cir. 1999). *Beck* made clear that *Heck* does not apply to claims such as those at issue in this appeal, holding that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure are presumed to accrue when the actions actually occur." *Id.* at 558. This is true because the application of doctrines such as independent source, inevitable discovery, and harmless error preclude a conclusion that a successful § 1983 action would **necessarily** imply that a plaintiff's conviction was unlawful. *Id.* Accordingly, we conclude that the district court erred in dismissing Hernandez's warrantless-arrest and charge-or-release claims pursuant to *Heck*. *See Strepka v. Miller*, No. 99-1387, 2000 WL 121494, at *1 (10th Cir. Feb. 1, 2000) (unpublished disposition) (citing *Beck* and concluding that claims almost identical

to those at issue here were not subject to dismissal under *Heck*).[1]  That is not to say, however, that *Heck* has no application to claims such as those asserted here. In particular, *Heck* serves to significantly limit the measure of damages available. *See Beck*, 195 F.3d at 559 n.3 (noting that although a § 1983 suit for damages for illegal search and seizure may proceed even where the underlying conviction has not been invalidated, damages recovered "cannot include those for being convicted and imprisoned, at least not until the conviction has been overturned).

The order of the district court dismissing Hernandez's warrantless-arrest and charge-or-release claims with prejudice pursuant to *Heck* is hereby **REVERSED** and the case is **REMANDED** to the district court for further proceedings consistent with this opinion.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

---

[1]Although this court need not reach the issue in light of our conclusion that *Heck* does not mandate dismissal of the claims at issue here, it is clear that "[w]hen a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).