**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CUAHUTEMOC ANTILLON-PEREZ,

    Defendant - Appellant.

No. 02-2192
D.C. No. CIV-02-317 BB/KBM
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

Defendant-Appellant Cuahutemoc Antillon-Perez ("Defendant"), a Mexican citizen, was arrested for attempting to enter the United States illegally after having been deported twice before. (Magistrate's Proposed Findings and Recommended Disposition at 1.) He pled guilty to a charge of reentry after prior deportation and was sentenced to 46 months in prison. (Id. at 1, 4.)

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct sentence with the United States District Court for the District of New Mexico. (Id.) He raised two ineffective assistance of counsel claims with respect to his sentence. On May 15, 2002, the magistrate judge to whom the case was assigned rejected both claims on the merits and recommended that Defendant's motion be denied. (Id. at 4-6.) The magistrate's recommendation was filed on May 16, 2002. Pursuant to Federal Rule of Civil Procedure 72(b), Defendant then had ten days to file any objections, in writing, to the magistrate's recommendation. Defendant filed no such objections. On June 25, the district court entered an order adopting the Magistrate Judge's recommendation and dismissing Defendant's § 2255 motion with prejudice. On July 11, Defendant timely filed a notice of appeal.

On July 26, this Court entered a show-cause order instructing Defendant to address, in his opening brief, why his failure to file written objections to the magistrate's recommendation should not waive appellate review of both the factual and legal issues in his case. See, e.g., Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996) ("Failure of a plaintiff to object to a magistrate judge's recommendations results in a waiver of appellate review."). Defendant appears to have ignored the show-cause order; his opening brief—filed on August 27—fails to address the waiver issue.

On October 1, 2002, the district court denied Defendant's request for a Certificate of Appealability. Although Defendant did not subsequently file a request for COA with this court, we will construe his notice of appeal as a request for COA, pursuant to Federal Rule of Appellate Procedure 22(b)(2).

Defendant failed to file written objections to the magistrate's report and neglected to explain, despite our issuance of a show-cause order, why he failed to do so. For these reasons, he has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we AFFIRM the district court's denial of a Certificate of Appealability and DISMISS Defendant's appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge