**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARNEST WAYNE SORRELL,

   Petitioner - Appellant,

v.

DAYTON J. POPPELL, Warden;
DREW EDMONDSON,

   Respondents - Appellees.

No. 02-6266
D.C. No. CIV-02-196-HE
(W.D. Oklahoma)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Earnest Wayne Sorrell requests a certificate of appealability so that he may appeal the district court's denial of his petition filed pursuant to 28 U.S.C. § 2254. He essentially argues that he received inadequate assistance of counsel at the time of his nolo contendere plea before state court.

Before we can turn to Mr. Sorrell's request, we note that Mr. Sorrell's notice of appeal to the Tenth Circuit was filed beyond the 30-day window permitted under our rules. *See* Fed. R. App. P. 4(a)(1)(A) (noting that the notice of appeal "must be filed ... within 30 days"). The 30-day window for the filing of Mr. Sorrell's notice of appeal closed on Monday August 19, 2002; his notice of appeal was filed two days later on Wednesday August 21, 2002. The certificate of mailing indicates that the notice of appeal was sent during the month of July 2002, but the exact date is left blank. Mr. Sorrell attested that he handed his notice of appeal to prison officials on July 31, 2002. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (holding that a prisoner's document could be regarded as filed on the date it was delivered to prison officials for mailing); Fed. R. App. P. 4(c). Mr. Sorrell's attestations are uncontested. Therefore we hold that we have jurisdiction in this case.

Mr. Sorrell failed to raise any objections to the magistrate judge's report and recommendation, as he was required, by July 15, 2002. *See* Rec. doc. 7, at 12 (Dist. Ct. Order granting Mr. Sorrell extension of time to file objections to the

Report and Recommendation). It is well established that "[f]ailure of a [party] to object to a magistrate judge's recommendations results in a waiver of appellate review." *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Mr. Sorrell's pro se status does not protect him from application of this rule because he was "properly informed of the consequences of his failure to object." *Id.*; *see also* Rec. doc. 7, (Mag. Judge Report and Recommendation, at 15) ("Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives right to appellate review of both factual and legal issues contained herein."). Though an exception to the rule may be made "where the interests of justice so require," *Fottler*, 73 F.3d at 1065, our review of the record leads us to conclude that the interests of justice do not require us to make an exception in this case. Mr. Sorrell does not claim any circumstance for which the interests of justice might dictate a review of the waived issues. Indeed, he fails to provide any explanation whatsoever for his failure to object to the report and recommendation, apart from his suggestions that for "reasons unknown" his objections to the report and recommendation "did not reach the Court." Aplt's Br. at 2. Mr. Sorrell has not made a substantial showing of a denial of a federal right. He has raised no arguments which require further proceedings or that are debatable among jurists of reason. *See Slack v. McDaniel,* 529 U.S. 473, 474 (2000).

Accordingly, Mr. Sorrell's request for a certificate of appealability is

DENIED and his appeal is DISMISSED

Entered for the Court,

Robert H. Henry
Circuit Judge