FILED
United States Court of Appeals
Tenth Circuit

March 30, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KEVIN CALLEN, SR.,

Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; ROBERT O.
LAMPERT, Director, Wyoming
Department of Corrections; WYOMING
STATE PENITENTIARY; WYOMING
MEDIUM CORRECTIONAL
INSTITUTION; STEVE HARGETT,
Warden, Wyoming Department of
Corrections Medium Correctional
Institution; WYOMING DEPARTMENT
OF CORRECTIONS MEDICAL
DEPARTMENT; JOHN COYLE, MD -
Physician, Wyoming State Penitentiary
Health Services; CORIZON HEALTH,
INC.; TED CHURCH, Physician,
Wyoming Department of Corrections
Medium Correctional Institution Health
Services; HANS, Physician, Wyoming
Department of Corrections Medium
Correctional Institution Health Services;
J.C. LAWSON, Wyoming Department of
Corrections Parole Officer; PATRICK
ANDERSON, Wyoming Department of
Corrections, Board of Parole Executive
Director; ANNE CYBULSKI-
SANDLIAN, Wyoming Department of
Corrections Health Services Program
Manager; JEFF SHANAHAN, Wyoming
Department of Corrections Medium
Correctional Institution Health Service
Administrator; KURT JOHNSON,
Wyoming Department of Corrections

No. 14-8057
(D.C. No. 2:13-CV-00187-ABJ)
(D. Wyo.)

Medium Correctional Institution Health Services Regional Manager; WYOMING DEPARTMENT OF CORRECTIONS MEDICAL STAFF; WYOMING DEPARTMENT OF CORRECTIONS MEDIUM CORRECTIONAL INSTITUTION MEDICAL STAFF, individually, and in their official capacities,

Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Kevin Callen, Sr., proceeding pro se, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, vacate in part, and remand.

We agree with the district court that dismissal with prejudice is appropriate for claims that cannot proceed for various legal reasons. We also agree with the district court that a claim in the nature of malicious prosecution is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), but we remand with instructions for the district

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court to modify its judgment to a dismissal without prejudice on that claim. Finally, with regard to those claims the district court dismissed for failure to allege sufficient facts, we vacate and remand for the district court to give Mr. Callen the opportunity to seek leave to file an amended complaint, as required by this court's precedent.

*Background*

Mr. Callen is an inmate in the Wyoming Department of Corrections (WDOC) with numerous serious health conditions, including cancer, diabetes, and dental problems. He was released on medical parole in 2011, but that parole was revoked in 2012, and he was re-incarcerated. In August 2013, he filed a complaint regarding his medical treatment while in WDOC's custody. The complaint also alleged a parole officer had committed perjury in his parole revocation hearing. The defendants filed three motions to dismiss: one for Corizon Health, Inc. (Corizon), the entity contracted to provide health services in Wyoming prisons, and two of its employees; one for WDOC, its prisons, and its employees; and one for John Coyle, D.O.

After defendants filed their motions, Mr. Callen supplemented his complaint with additional allegations about his medical treatment. The district court accepted the supplement and allowed defendants to supplement their motions to dismiss. In a comprehensive order, the district court then granted judgment to defendants under Fed. R. Civ. P. 12(b)(6). The court held that several claims were barred by various legal doctrines, including the applicable statute of limitations, Eleventh Amendment immunity, qualified immunity, Heck v. Humphrey, and the Wyoming Governmental

- 3 -

Claims Act (WGCA), Wyo. Stat. Ann. §§ 1–39–101 to 1–39–121. It further held that Mr. Callen had failed to attribute any acts to the WDOC-associated individual defendants, and that he had failed to plead sufficient facts to establish deliberate indifference on the part of the Corizon-associated defendants. The district court dismissed the entire complaint with prejudice.

*Analysis*

*Legal Standards*

We review a Rule 12(b)(6) dismissal de novo. See Gee v. Pacheco, 627 F.3d 1178, 1183 (10th Cir. 2010). Under the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), federal pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Gee, 627 F.3d at 1184 (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted).

"Iqbal establishes the importance of context to a plausibility determination." Gee, 627 F.3d at 1185. In the context of § 1983 claims, which "often include the government agency and a number of government actors sued in their individual capacities," we have stated that it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

*Discussion*

The district court correctly held that: (1) § 1983 does not allow Mr. Callen to pursue claims of vicarious liability; (2) Corizon's alleged failure to pay medical bills did not establish a deprivation of a liberty or property interest, as required to state a claim under § 1983; (3) the allegations against Dr. Coyle are barred by the statute of limitations; (4) Mr. Callen could not proceed with allegations that established only his disagreement with a doctor's medical decision; (5) the claims against WDOC, the WDOC prisons, and the WDOC employees in their official capacities for monetary damages are barred by the Eleventh Amendment; and (6) the state-law claims are barred by the WGCA. We therefore affirm the dismissal with prejudice of those claims for substantially the reasons set forth in the district court's order filed on July 2, 2014.

- 5 -

The district court also correctly held that Mr. Callen's malicious-prosecution claim against the parole officer is barred by Heck v. Humphrey, and we affirm the dismissal of that claim for substantially the reasons set forth in the July 2, 2014, order. But Heck-based dismissals should be without prejudice, rather than with prejudice. See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996). Therefore, we remand this claim for the district court to modify its judgment to reflect a dismissal without prejudice.

Finally, the district court dismissed several claims on the ground that Mr. Callen had not alleged sufficient facts to state a plausible claim for relief. For the Corizon defendants, these claims included allegations about (1) Dr. Hans' prescription of Prozac; (2) Dr. Kurt Johnson's involvement with Mr. Callen's dentures and the replacement of his defibrillator batteries; and (3) Corizon's policies and practices, and how such policies and practices would relate to Mr. Callen's alleged injuries. For the WDOC defendants, the district court determined that Mr. Callen had failed (1) to set forth any factual allegations involving the individual WDOC employees, including allegations that would show that the those employees prevented him from receiving medical treatment; and (2) to identify any clearly established constitutional right that defendants had violated. The district court also noted that Mr. Callen had not set forth any facts relevant to finding an exception to Eleventh Amendment immunity under Ex Parte Young, 209 U.S. 123 (1908). We

agree with the district court that, as presented, the claims failed to set forth sufficient factual allegations to state a plausible claim for relief.

We disagree, however, with the district court's dismissal of these claims with prejudice. "'[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" Gee, 627 F.3d at 1195 (quoting Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001)). "'The plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.'" Id. (brackets omitted) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). There is no indication that the district court considered allowing Mr. Callen to amend his complaint, or that it determined that any opportunity to amend would be futile. Therefore, as directed by Gee, we remand for the district court to allow Mr. Callen an opportunity to seek leave to file an amended complaint that satisfies federal pleading standards for those claims that were dismissed for insufficient factual allegations (meaning, Mr. Callen is not free to amend his allegations regarding those claims that the district court dismissed on other grounds and that this court has affirmed in this decision). See id. "The district court may place appropriate restrictions on any amended complaint, such as directing [Mr. Callen] only to elaborate on the events that were identified in his original complaint [and supplement], and not to attempt to add any additional or different

claims." Id. And Mr. Callen is cautioned that any amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each [defendant] with fair notice as to the basis of the claims against him or her [or it], as distinguished from collective allegations . . . ." Robbins, 519 F.3d at 1250.

### *Conclusion*

The judgment of the district court is affirmed in part, vacated in part, and remanded. This matter is remanded to the district court for its modification of its judgment on the Heck-barred claim to a dismissal without prejudice, and for the district court to allow Mr. Callen an opportunity to seek leave to amend with regard to those claims that were dismissed for failure to plead sufficient facts to establish a plausible claim for relief.

Entered for the Court

Mary Beck Briscoe
Chief Judge