**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2293
_____

JOY EBUZOR-ONAYEMI,

Appellant

v.

UNION COUNTY POLICE DEPARTMENT; UNION
COUNTY PROSECUTOR'S OFFICE; MEGHAN
TOMLINSON, Union County Prosecutor; SHAWN
BARNES, Union County Prosecutor; MOSHOOD
OLUSHEKUN, Union County Employee; OFFICER
DANIEL GALLAGHER; As-Yet-Known, Present
and Former Union County Police Officers

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-16-cv-01869)
District Judge: Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2018

Before: SHWARTZ, KRAUSE and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 5, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5. 7 does not constitute binding precedent.

PER CURIAM

Joy Ebuzor-Onayemi appeals pro se from an order of the District Court dismissing her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, we will affirm.

Ebuzor-Onayemi was convicted following a jury trial in the Union County, New Jersey Superior Court of third-degree burglary, in violation of N.J. Stat. Ann. § 2C:18-2, and fourth-degree falsification of medical care records in order to deceive or mislead, in violation of N.J. Stat. Ann. § 2C:21-4.1. She filed a motion for a new trial contending that she had discovered documents that raised questions about the credibility of her former boyfriend, Moshood Olushekun, who had testified against her at trial.  The trial judge denied the motion and sentenced Ebuzor-Onayemi to a three-year term of probation.

The Appellate Division affirmed the criminal judgment, see State v. Ebuzor-Onayemi, 2016 WL 3563190 (N.J. Super. Ct., App. Div. July 1, 2016) (per curiam).  The state appeals court explained that Ebuzor-Onayemi was a former employee of Our House, Inc., a non-profit organization that provides services to developmentally disabled individuals, and that she worked at the Windsor Way Group Home in Berkeley Heights. Id. at *1.  Our House staff members supervise and assist the residents, including administering medications, and, as part of her duties, Ebuzor-Onayemi kept records of the medications and health assistance that she provided to the residents of Windsor Way. Id.  In February 2011, an audit of the medical records revealed errors she had made, and she was advised that she would be subject to disciplinary action and that a counseling

2

meeting would be scheduled. Id. The day before that meeting, a supervisor discovered that the medical records she had prepared had been altered. Id. At the meeting on April 8, 2011, Ebuzor-Onayemi was presented with copies of the falsified medical records and a confrontation ensued. Ebuzor-Onayemi was fired and directed to return her keys. Id. At trial, the State called Olushekun as a witness and he testified that, on April 8, 2011, Ebuzor-Onayemi came to see him at work and told him that she had been fired; that she had turned over the wrong key when asked to turn in her keys; and that she had gone back to the group home and taken some documents relevant to her termination. Id. Ebuzor-Onayemi gave Olushekun a black shopping bag that contained the documents and asked him to hold the bag for her. Id. Eventually, Olushekun turned this evidence over to police. Id. The State also introduced two keys at trial; the State contended that Ebuzor-Onayemi used one of these keys to gain entry illegally. Ebuzor-Onayemi took the stand at trial and denied taking the medical records and denied entering Windsor Way after she was terminated.

On April 1, 2016, Ebuzor-Onayemi, with the assistance of counsel, filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the District of New Jersey, against Olushekun, the Union County Prosecutor's Office and Assistant Prosecutor Meghan Tomlinson, Assistant Prosecutor Shawn Barnes, and Detective Daniel Gallagher in their individual capacities, for damages in connection with her prosecution and conviction for burglary and falsification of medical care records. Specifically, Ebuzor-Onayemi claimed that the defendants falsified evidence and conspired against her in order to obtain a conviction. She alleged that Olushekun never

3

had possession of the keys and so he could not have provided them to police, as they had contended. Ebuzor-Onayemi asserted in her complaint a § 1983 violation of due process in connection with fabricated evidence (Count I); a violation of 42 U.S.C. § 1985(3) (Count II); a § 1983 violation for conspiracy (Count III); failure to intervene (Count IV); civil conspiracy (Count V); intentional infliction of emotional distress (Count VI); and respondeat superior liability (Count VII). The Union County defendants moved to dismiss the complaint and Olushekun, proceeding pro se, answered the complaint. In her brief in opposition to dismissal, Ebuzor-Onayemi agreed to dismiss Counts II, IV, V, and VII.

In an order entered on April 12, 2017, the District Court dismissed Counts II, IV, V, and VII without prejudice, pursuant to Ebuzor-Onayemi's request, and dismissed with prejudice all counts against the Union County Prosecutor's Office pursuant to the Eleventh Amendment.[1] The Court then dismissed Counts I and III on the basis of Heck v. Humphrey, 512 U.S. 477 (1994). The Court reasoned that a judgment in favor of Ebuzor-Onayemi on these counts would necessarily imply the invalidity of her convictions and thus could not proceed at this time. The Court dismissed Count VI as barred by the notice provisions of the New Jersey Tort Claims Act. Last, although Olushekun did not move to dismiss the complaint, the Court *sua sponte* dismissed him

---

[1] The Eleventh Amendment immunizes States and their agencies from suits for damages in federal court, see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-02 (1984).

4

from the civil action because the deficiencies in Ebuzor-Onayemi's complaint applied equally to him.

Ebuzor-Onayemi appeals pro se. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). In her pro se brief on appeal, Ebuzor-Onayemi has argued the merits of her malicious prosecution and fabrication of evidence claim against defendants Olushekun, Tomlinson, Barnes, and Gallagher, Appellant's Informal Brief, at 3, 6; she has failed to address, however, the District Court's application of Heck v. Humphrey to Counts I and III of her complaint.[2]

We will affirm. The District Court correctly dismissed Counts I and III of Ebuzor-Onayemi's complaint pursuant to Rule 12(b)(6) because they are barred by Heck's favorable termination rule. Section 1983 actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. Ebuzor-Onayemi claimed that the defendants pursued her prosecution maliciously by using false evidence and that they conspired to obtain a conviction to support their prosecution. Heck holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages is barred

---

[2] Ebuzor-Onayemi does not challenge in her pro se brief the District Court's determination that her intentional infliction of emotional distress claim is barred by the notice provisions of the New Jersey Tort Claims Act. Accordingly, the issue is waived. See Laborers' Int'l Union of North America, AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [the] opening brief[.]").

unless she can demonstrate that her conviction or sentence has been invalidated. 512 U.S. at 486-87. Heck precludes § 1983 claims like Ebuzor-Onayemi's whose success "would necessarily imply the invalidity" of a conviction or sentence that has not already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 487. See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Ebuzor-Onayemi's criminal judgment was affirmed by the state appeals court, and, although she contends that she is now challenging that conviction in a state post-conviction petition, Appellant's Informal Brief, at 5, she does not contend that her post-conviction petition has been successful. Accordingly, unless and until she succeeds in getting her conviction invalidated, Ebuzor-Onayemi's suit is barred in federal court and was properly dismissed without prejudice.[3] We uphold the District Court's authority to *sua sponte* dismiss Counts I and III of the complaint against nonmoving pro se defendant Olushekun, under the circumstances presented here.

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint.

---

[3] A § 1983 claim based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence. Wallace v. Kato, 549 U.S. 384, 393 (2007). For that reason, when a § 1983 claim is dismissed under Heck, the dismissal is without prejudice. See Fottler v. United States, 73 F.3d 1064, 1065–66 (10th Cir.1996).