F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHRISTOPHER WEATHERALL,

Plaintiff-Appellant,

v.

DAVE SCHERBARTH, KEVIN
FURTON, RAE LEWIS, GEORGE
DUNBAR, BILL BRUNELL,
PATRICIA MCCARTHY, DAVID
LEWIS, JON JOHNSON, GARY
STROBRIDGE, PAUL
CUNNINGHAM and GARY NEET,

Defendants-Appellees.

No. 99-1222
(D.C. No. 97-B-2228)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant, a Colorado state prisoner, filed a pro se civil rights complaint making numerous interrelated claims, which can be grouped in three general categories: (1) the defendants violated his due process and equal protection rights by placing him in punitive segregation; (2) the defendants conspired to have him convicted of a fabricated disciplinary offense in retaliation for his exercise of his right to free speech and right against self-incrimination; and (3) the defendants engaged in a racially-motivated conspiracy to deprive him of his due process and equal protection rights.

All of plaintiff's claims originated with his frequent and open leering at a female staff member over a period of two to three months. When he admitted the conduct but refused to sign a document identifying the behavior as "inappropriate" and stating that it "made female staff feel uncomfortable and threatened," he was removed from the general prison population pending a hearing. R., Vol. 2, doc. 49, ex. B. In a disciplinary proceeding, plaintiff was found to have engaged in threatening behavior. As a result of this determination, and in light of plaintiff's prior history of sexual violence, he was reclassified and placed in administrative segregation. When his administrative appeals were rejected, plaintiff sought relief in district court.

The district court referred plaintiff's complaint to a magistrate judge for preliminary proceedings pursuant to 28 U.S.C. § 636.  In a thorough and well-written recommendation, the magistrate judge recommended that the district court grant the defendants' motion to dismiss or for summary judgment.  The district court adopted the recommendation and dismissed the complaint. [1]

On appeal, plaintiff continues to argue broadly that his placement in administrative segregation was unwise, unfair, and unconstitutional.  We review de novo the district court's dismissal of a complaint for failure to state a claim

---

[1]     The magistrate judge recommended dismissal under Fed. R. Civ. P. 12(b)(6) of plaintiff's due process and equal protection claims relating to his placement in punitive segregation pending a disciplinary hearing.  She recommended entry of summary judgment on the claim that the pre-hearing placement was in retaliation for his exercise of constitutional rights.  With regard to plaintiff's assertions that he was unlawfully reclassified to administrative segregation after the hearing, the magistrate judge recommended dismissal of the due process, equal protection, and retaliation claims.  Concerning plaintiff's challenges to the validity of the disciplinary proceeding and conviction, she recommended dismissal without prejudice, as either premature or cognizable exclusively in a habeas action under 28 U.S.C. § 2254, rather than the instant civil rights action under 42 U.S.C. § 1983.  Finally, she recommended dismissal of all conspiracy claims and any remaining miscellaneous claims.

The district court judge "conclude[d] that the recommendation is correct," and granted defendants' motion to dismiss or in the alternative for summary judgment.  R., Vol. 2, doc. 83.  The clerk of the district court entered a judgment stating that the entire complaint was dismissed with prejudice.     See R., Vol. 3, doc. 90.  Although not at issue in this appeal, we note that the clerk's blanket dismissal with prejudice is inconsistent with the district court's order and with our case law.   See Fottler v. United States    , 73 F.3d 1064, 1065-66 (10th Cir. 1996) (holding that dismissal of a claim mistakenly brought under § 1983 instead of § 2254 should be without prejudice).

for which relief may be granted and grant of a motion for summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998) (summary judgment under Fed. R. Civ. P. 56); Bauchman ex rel. Bauchman v. West High Sch., 132 F.3d 542, 550 (10th Cir. 1997) (dismissal under Rule 12(b)(6)). We construe the pleadings and papers of a pro se appellant liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

The United States Constitution does not entitle an inmate to any particular degree of liberty in prison; thus, changes to an inmate's prison classification do not involve deprivations of liberty. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Although a state may create liberty interests that are protected by the Due Process Clause, such interests

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995).

We have held that Colorado prison regulations do not create a liberty interest in an inmate's prison placement classification. See Templeman, 16 F.3d at 369. Moreover, our review of the record fails to reveal the imposition of the "atypical and significant hardship" contemplated by Sandin, or procedural irregularities in the disciplinary proceedings leading to his placement in

administrative segregation.  Under these circumstances, there was no violation of plaintiff's due process rights.  Nor were plaintiff's equal protection rights affected.  Plaintiff has failed to allege or show that similarly-situated individuals of different races were treated differently.   See Powells v. Minnehaha County Sheriff Dep't , 198 F.3d 711, 712 (8th Cir. 1999).   [2]

With respect to plaintiff's retaliation claim, he must demonstrate that the action was taken because of the exercise of his constitutional rights.   See Peterson v. Shanks , 149 F.3d 1140, 1144 (10th Cir. 1998).  Standing alone, temporal proximity between the alleged exercise of rights and the administrative segregation does not constitute sufficient circumstantial proof of a retaliatory motive.  Cf. Smith v. Maschner , 899 F.2d 940, 949 (10th Cir. 1990) (reversing summary judgment because "circumstantial evidence of the suspicious timing of [plaintiff's] discipline, coincidental transfers of his witnesses and assistants,

---

[2]      We agree with the magistrate judge that, to the extent plaintiff attacks the substantive validity of the disciplinary proceedings and seeks injunctive relief requiring restoration of his good-time credits, with the consequent reduction of the length of his confinement, the claim is cognizable only in a § 2254 habeas corpus action, not a § 1983 action.   See Heck v. Humphrey , 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez , 411 U.S. 475, 488-90 (1973) for the proposition that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").  Moreover, any request for damages arising from the alleged deprivation of good-time credits is premature, in that plaintiff cannot show that the disciplinary conviction has been expunged, declared invalid, or called into question by an issuance of a writ of habeas corpus.   See id. at 486-87.

and an alleged pattern by defendants of blocking his access to legal materials and assistance" was sufficient to create a jury question on a claim of retaliation for exercise of the right to access to the courts). On this issue, plaintiff offered only speculation and conclusory allegations. Because he failed to raise a genuine issue as to any material fact, summary judgment was appropriate.

Plaintiff's final group of claims relates to his allegations that, due to racial animus, defendants conspired to remove him from the general prison population and place him in segregation on false disciplinary charges. He has not alleged any specific facts showing a discriminatory motive, an agreement to deprive plaintiff of a constitutional right, or the actual deprivation of a constitutional right. The claim was properly dismissed. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.") (quotation omitted).

The magistrate judge's recommendation, which was adopted by the district court, fully explained why plaintiff's claims lacked any legal merit. We also conclude plaintiff's claims are without merit and further conclude that this appeal, taken from the district court's ruling, is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Neitzke v. Williams, 490 U.S. 319, 327 (1989) (stating that a claim is frivolous if it relies on an "indisputably meritless legal theory").

Accordingly, the appeal is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B), to count as a "prior occasion" for purposes of the three-strikes provision set out in 28 U.S.C. § 1915(g).    See Jennings v. Natrona County Detention Ctr. Med. Facility  , 175 F.3d 775, 780-81 (10th Cir. 1999).  Plaintiff's motion to proceed in forma pauperis on appeal is DENIED.  The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge