

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2007

# Giallorenzo v. Beaver

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4893

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Giallorenzo v. Beaver" (2007). *2007 Decisions.* Paper 713.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/713

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-286                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4893
_____

MARCELLO GIALLORENZO,

Appellant,

v.

BEAVER COUNTY; JEFFREY PALADINA, individually;
J. T. ENGEL, individually

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 06-cv-0354)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 28, 2007

Before:  MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>.

(Filed July 20, 2007)
_____

OPINION
_____

PER CURIAM

    Appellant, Marcello Giallorenzo, appeals <u>pro se</u> from the District Court's order

granting the defendants' motion to dismiss his complaint.  For the reasons set forth below,

we will summarily affirm the District Court's order. <u>See</u> I.O.P. 10.6.

On February 16, 2005, Giallorenzo was sentenced to a 30-day term of probation for assaulting Maggie Bruce, his girlfriend and the mother of his child. Several days later, Giallorenzo—while still on probation—was again arrested for assaulting Ms. Bruce, and was subsequently charged with unlawful restraint, simple assault, and harassment. Giallorenzo was released on bail pending a hearing on the criminal charges. Meanwhile, Probation Officer J.T. Engel had the district attorney's office file a petition for violation of probation.

On March 18, 2005, Giallorenzo and Ms. Bruce appeared for a preliminary hearing on Giallorenzo's criminal charges. Prior to the hearing, Assistant District Attorney ("ADA") Paladina offered Giallorenzo a plea bargain, but he refused on the grounds that he had proof that Ms. Bruce was lying. ADA Paladina then asked the district justice to revoke Giallorenzo's bail bond. As a result, the district justice revoked his bail and placed him in a holding cell until he could be transported to the Beaver County jail. Three days later, on March 21, 2005, Giallorenzo's counsel attempted to have the bond order reinstated, but Giallorenzo was not released because Probation Officer Engel had placed a detainer on him. On March 31, 2005, following a hearing on Giallorenzo's motion to set bail and lift the detainer, the bond order was reinstated and Giallorenzo was released.

On March 17, 2006, Giallorenzo commenced a civil rights action under 42 U.S.C.

2

§ 1983 in the U.S. District Court for the Western District of Pennsylvania against Beaver County, ADA Paladina, and Probation Officer Engel. In the counseled complaint, Giallorenzo alleged that his constitutional rights had been violated when defendants revoked the bail bond on his second assault charge and filed a detainer against him. Specifically, Giallorenzo argued that the defendants had him "unlawfully detained for the dubiously stated reason that Giallorenzo did not have counsel present at his preliminary hearing," and "without any facts or circumstances to reasonably indicate that he had violated the terms of his probation." Giallorenzo also brought claims for defamation and abuse of process under Pennsylvania law. On October 31, 2006, the District Court dismissed with prejudice the claims brought under 42 U.S.C. § 1983, and declined to exercise supplemental jurisdiction over the state law claims. The present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). After a careful review of the record, we conclude that the appeal presents "no substantial question" under Third Circuit LAR 27.4 and I.O.P. 10.6. We will therefore summarily affirm the District Court's order on the grounds that Giallorenzo's claims are not cognizable in an action under § 1983.

It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In Heck v. Humphrey, the Supreme

Court held that "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under 42 U.S.C. § 1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994).

Here, Giallorenzo seeks damages under § 1983 for his incarceration resulting from the allegedly unconstitutional revocation of his bail and issuance of a detainer. A favorable outcome on this claim would necessarily demonstrate the invalidity of his detention. Further, Giallorenzo has not established that the state courts invalidated the district justice's decision to revoke his bail or honor the detainer. And, as we have recently made clear, dismissal of a § 1983 claim is appropriate despite the fact that a litigant such as Giallorenzo is no longer in custody and can no longer seek federal habeas corpus relief. See Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006); Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005). Therefore, Heck and its progeny preclude Giallorenzo from bringing this claim under § 1983.[1]

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal.[2] Accordingly, we will summarily affirm the District Court's

---

[1]Given that Giallorenzo failed to state a cognizable federal claim, the District Court properly declined to exercise jurisdiction over Giallorenzo's state law claims. See 28 U.S.C. § 1367(c)(3).

[2]Although Giallorenzo was not given an opportunity to amend the complaint, we conclude that any such amendment would have been futile. See Grayson v. Mayview

4

dismissal of Giallorenzo's complaint. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6. We note, however, that a dismissal pursuant to <u>Heck</u> is necessarily a without-prejudice dismissal. <u>See</u> <u>Fottler v. United States</u>, 73 F.3d 1065, 1065-66 (10th cir. 1996).

---

<u>State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2003).