FILED
United States Court of Appeals
Tenth Circuit

June 9, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KNOWLINGTON O. BURBAGE,

Defendant-Appellant.

No. 06-2276
(D.C. Nos. 05-CV-1208-JC/LFG and
02-1813-JC)
(D. N.M.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HENRY**, Chief Judge**, TYMKOVICH**, and **HOLMES**, Circuit Judges**.**

Defendant-Appellant Knowlington O. Burbage, a federal prisoner appearing pro

se, seeks a certificate of appealability ("COA") to challenge the district court's dismissal

of his 28 U.S.C. § 2255 habeas petition and denial of his motion to amend his petition.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing Mr. Burbage's filings

---

[*] This Order and Judgement is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The case is therefore ordered submitted without oral argument.

liberally,[1] we hold that no reasonable jurist could conclude that the district court erred. Accordingly, we **DENY** Mr. Burbage's application for a COA and **DISMISS** his appeal.

## I. BACKGROUND

Mr. Burbage was arrested in Albuquerque, New Mexico, when he was found in possession of cocaine on an Amtrak train traveling from Los Angeles to Chicago.[2] Prior to departing from Los Angeles, Mr. Burbage displayed suspicious behavior consistent with drug trafficking, which prompted Drug Enforcement Agency ("DEA") agents to board the train in Albuquerque. Once on board, DEA agents noticed a backpack in the overhead compartment near Mr. Burbage's seat. Mr. Burbage and the other passengers denied ownership of the bag, which was later found to contain cocaine. At the suppression hearing, Mr. Burbage admitted to owning the bag and claimed it was not abandoned when the agents took possession of it. The bag and its contents were ultimately admitted into evidence over Mr. Burbage's objection. Mr. Burbage was convicted by a jury and sentenced to 130 months in prison. He filed a timely appeal to this court. We upheld Mr. Burbage's conviction and sentence, specifically rejecting his challenge to the court's ruling on his motion to suppress. *See United States v. Burbage*, 365 F.3d 1174, 1180 (10th Cir. 2004). His request for rehearing en banc was denied, as

---

[1] Because Mr. Burbage is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2] Our factual summary is derived from the facts outlined in the opinion regarding Mr. Burbage's direct appeal. *See United States v. Burbage*, 365 F.3d 1174, 1176 (10th Cir. 2004).

2

was his request for a writ for certiorari. *Burbage v. United States*, 543 U.S. 993 (2004).

Mr. Burbage filed a timely petition for habeas corpus relief pursuant to 28 U.S.C. § 2255, essentially asserting two claims: (1) that the government's seizure and subsequent search of his backpack in which the drugs were ultimately found violated the Fourth Amendment because he never abandoned the backpack; and (2) that the prosecutor violated his Fifth Amendment due process rights by knowingly presenting false testimony and inconsistent evidence.

After the government filed its response, Mr. Burbage filed a motion to amend his habeas corpus petition to "help and clarify more points," as well as to address some issues that "must be raised" in the proceeding. R., Doc. 6, at 1 (Motion to Amend, dated Feb. 21, 2006). The district court granted Mr. Burbage leave to amend, and he filed his first amended § 2255 motion.

The magistrate judge recommended that the petition be denied and the case dismissed with prejudice because all the claims were procedurally barred. The Fourth Amendment claims could not be raised because Mr. Burbage had received a full and fair opportunity to litigate those claims and they had, in fact, been presented to the Tenth Circuit and rejected**.** The claims of prosecutorial misconduct should have been raised on direct appeal, and Mr. Burbage could not overcome the procedural bar created by that failure because there was no evidence that actual prejudice or a miscarriage of justice would result from the court's refusal to consider the issue.

Mr. Burbage filed no objections to the magistrate judge's recommendations during

3

the ten day period for such filings. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."). Instead, twenty-six days after the magistrate judge's recommendations were filed, Mr. Burbage filed a document called a "Motion for Leave to Submit Supplemental Amended Petition," seeking "to raise claims and arguments which have not heretofore been treated by the Court." R., Doc. 11, at 1 (dated July 24, 2006). His attached affidavit asserted that various disabilities, including lack of resources and litigating from memory, caused him either to fail to raise claims that "should" have been raised in the initial petition or to "erroneously raise[] issues which are now foreclosed from litigation in my habeas corpus petition." *Id.*, Affidavit at 3. The only additional claim to which he alluded was an allegation of Sixth Amendment ineffective assistance of counsel.

The district court denied Mr. Burbage's motion for leave to amend and adopted the recommendations of the magistrate judge, dismissing the case with prejudice. Mr. Burbage filed a notice of appeal, requesting that the district court issue a COA and grant him leave to proceed on appeal in forma pauperis. The district court denied both requests. On appeal, Mr. Burbage has renewed his request for a COA and for leave to proceed in forma pauperis. We sought and received briefing on whether appellate review had been waived by Mr. Burbage's failure to object to the magistrate judge's recommendations.

4

## II. DISCUSSION

Mr. Burbage's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, issuance of a COA is a jurisdictional prerequisite to appealing the dismissal of a habeas petition. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). In order to obtain a COA, Mr. Burbage must make "a substantial showing of the denial of a constitutional right." 28 U.S. C. § 2253(c)(2). The Supreme Court has clarified that, where as here the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claims, a petitioner must show that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The Supreme Court also has instructed courts to resolve the procedural issue first. *Id.* at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)).

On appeal, Mr. Burbage argues that his second motion to amend was sufficient to avoid waiver of any objection to the magistrate judge's recommendations and that the district court erred in denying his second motion to amend his § 2255 motion. We will first address the issue of whether appellate review has been waived.

We have adopted a firm waiver rule under which "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). Mr. Burbage argues that he did not fail to timely object because

5

we should construe his second motion to amend as sufficient to preserve his objections, citing *Fottler v. United States*, 73 F.3d 1064 (10th Cir. 1996). However, unlike the pleading in *Fottler* which contained an objection to the magistrate judge's recommendation of dismissal with prejudice, *see id.* at 1065, Mr. Burbage's motion to amend contains nothing which could be liberally construed as an objection to any of the magistrate judge's recommendations. Instead, Mr. Burbage asserted that he would "concomitantly excise from any amended petition any claim and/or argument which has previously been litigated and adjudicated before this Court." R., Doc. 11, at 1.

We therefore turn to the two exceptions to the firm waiver rule's procedural bar and conclude that Mr. Burbage does not qualify under either of them. One applies where the pro se litigant "has not been informed of the time period for objecting and the consequences of failing to object." *Morales-Fernandez*, 418 F.3d at 1119. The magistrate judge here included proper warnings on the first page of the recommendations.

The second exception applies when the "interests of justice" mandate review. *Morales-Fernandez*, 418 F.3d at 1119. In deciding whether review is in the "interests of justice," we consider several factors, including "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1120. To meet the standard, it is enough for a petitioner to show that his unobjected-to claim satisfies plain error analysis.[3] *Id.* at 1122.

---

[3]     Plain error analysis involves showing: "(1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he [the proponent of the error] satisfies these criteria, this Court may exercise discretion to

6

Initially, we note that *Wirsching v. Colorado*, 360 F.3d 1191 (10th Cir. 2004)—relied upon by Mr. Burbage—is inapposite. Mr. Burbage does not allege, like the litigant in *Wirsching*, that he failed to receive the magistrate judge's report. Moreover, we need not conduct a plain error analysis because Mr. Burbage does not point to any error in the magistrate judge's recommendations that the district court could be deemed to have plainly erred in adopting. Instead, Mr. Burbage suggests only that the magistrate judge's conclusions would have been different if he had added the claim he would have raised in the second amended petition—namely, ineffective assistance of counsel—and

---

correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007). In *Morales-Fernandez*, we indicated the plain error inquiry was a component of the "interests of justice" analysis, stating: "At a minimum, [] our 'interest of justice' standard for determining whether we should excuse a defendant's failure to object to a magistrate judge's recommendation *includes* plain error." 418 F.3d at 1119 (emphasis added); *see also id.* ("In evaluating whether a miscarriage of justice has occurred, we apply the plain error test . . . ."). More recently, although citing *Morales-Fernandez*, we seemed to suggest in *Wardell v. Duncan*, 470 F.3d 954 (10th Cir. 2006), that the plain error test forms the basis for a separate exception to the firm waiver rule (i.e., the rule may be avoided if a petitioner establishes plain error, apart from an interest-of-justice showing). In *Wardell*, we commented: "The waiver rule may be suspended when the 'interests of justice' warrant, *or* when the aggrieved party makes the onerous showing required to demonstrate plain error." *Id.* at 958 (emphasis added and citations omitted) (citing, *inter alia*, *Morales-Fernandez*, 418 F.3d at 1120.). We need not endeavor, however, to determine whether these two cases in fact contemplate different roles for plain error review in the assessment of whether to suspend the firm waiver rule. If they were in conflict, we ordinarily would be obliged to follow the earlier decision—*Morales-Fernandez*. *See, e.g.*, *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 n.1 (10th Cir. 1999). But the conflict inquiry is unnecessary because (as noted in the text *infra*) Mr. Burbage did not make any germane allegations of plain error. Therefore, no plain error analysis is appropriate.

7

that his failure to raise that issue was excusable because of the district court's plain error.[4]

In any event, under the factors enumerated in *Morales-Fernandez*, we do not think that

------

[4] Mr. Burbage asserts that the reason he failed to initially argue ineffective assistance of counsel was that a statement by the district court made him think that it was futile. While the complete trial transcript is not included in the record, an excerpt shows that the district court told the jury after it voted to convict him:

> What he's going to do next, he will appeal whatever I do, and I'll get affirmed on that. It's pretty much out of the question that I was going to get reversed. But then what he will do, he will raise ineffective assistance of counsel, and the circuit won't pay any attention to that.

> When I sentence him, I'm going to make a statement that [Mr. Burbage's counsel] represented him as best as he possibly could and there is no ineffective assistance of counsel whatsoever. I don't know whether the circuit will pay any attention to me or not.

> But the next thing he will do, when he gets to the penitentiary, is file what is called a 2255, where he is going to say all of these errors were committed by me and Mr. Lopez. And that's not going to do any good either.

Supp. Br., Ex. D (Trial Tr. at 223-24). The district court's post-trial comments, while undeniably imprudent, do not excuse defendant's delay in following the procedural requirements for § 2255 petitions. The district court's comments highlighted its apparent predisposition against granting Mr. Burbage any form of § 2255 relief based upon its belief in the error-free nature of his trial and the quality of his representation. However, the comments in no way precluded Mr. Burbage from filing a § 2255 petition or from raising his ineffective assistance of counsel claims in his original or amended § 2255 petitions. In fact, it is telling that the comments did not deter Mr. Burbage in the first instance from filing a § 2255 petition. It stands to reason that if he believed the district court would have refused to grant him § 2255 relief, Mr. Burbage should have sought recusal or should have raised *all* of his claims at the first opportunity and then filed an immediate appeal. Indeed, by his own description, Mr. Burbage is a "a fairly tenacious pro se litigant." Supp. Br. at 11 (quotation marks and alterations omitted). Mr. Burbage's observations in his supplemental jurisdictional briefing suggest the inexcusability of his delay, agreeing that he "floundered about, ignorantly opting to revisit issues already decided against him." *Id.* at 16.

8

Mr. Burbage made sufficient effort to raise the ineffective assistance aspect of his claims before the district court, and we are unpersuaded that any error by the district court creates a plausible explanation for his failure.

Therefore, we will apply the waiver rule's procedural bar to appellate review of the magistrate judge's recommendations and the district court's adoption of them. We also note that, even if the bar on appellate review were not applicable, we would conclude that Mr. Burbage has not presented anything that suggests that reasonable minds could differ over the propriety of the district court's rejection of the claims before it. In fact, Mr. Burbage appears to concede that the magistrate judge's recommendations were correct. *See* Supp. Br. at 16 (stating that objections to the magistrate judge's report "would have been fruitless as well as frivolous").

The second issue for which Mr. Burbage seeks a COA is whether the district court erred in denying his second motion to amend his petition. We will assume for purposes of this disposition that this issue is distinct from the magistrate judge's recommendations and therefore not controlled by our firm waiver ruling.

We review the district court's decision to deny Mr. Burbage's motion to amend his habeas petition for abuse of discretion. *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994). The district court "should freely grant leave to amend when justice so requires," and [w]hen a court refuses leave to amend, it must state its reasons." *Id.* (quotation marks omitted). Applying Federal Rule of Civil Procedure 15(a), a district court may deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part

9

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 1560 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

The district court construed the motion to amend as an "attempt[] to start over and present an entirely new set of allegations." R., Doc. 12, at 2. The district court concluded that the reasons Mr. Burbage provided were insufficient grounds for filing a second amended petition "with entirely new allegations, at this late date." *Id.* Further, it noted that Mr. Burbage "has had ample opportunity to present his case to the Court, and he cannot simply raise new claims as they occur to him." *Id.* We find the district court's reasons adequate and conclude that it did not abuse its discretion.

The district court relied in part on the fact that Mr. Burbage appeared to be asserting an entirely new claim. He already had received a previous opportunity to amend his petition. On appeal, Mr. Burbage has intimated that he did not intend for the ineffective assistance of counsel claim to be an independent claim, but rather grounds for overcoming the procedural bars pointed out by the magistrate judge—asserting that ineffective assistance prevented him from having a full and fair opportunity to litigate his Fourth Amendment claims on direct appeal and that it also constitutes good cause for his failure to present his prosecutorial misconduct claims on direct appeal. *See* Aplt. Op. Br. at 18-19 ("Petitioner avers he can show that he received ineffective assistance of counsel and thus can show cause why he failed to raise his perjury and inconsistent theories issue

10

on direct appeal. Moreover, due to ineffective assistance of counsel Petitioner was denied a 'full and fair' opportunity to litigate his issues on Direct Appeal." (citations omitted)).

However, even construing Mr. Burbage's pro se filings liberally, we cannot see where the district court was ever apprised of such an argument. *See* R., Doc., 11 at 1 (stating only that the amended petition would "seek to raise claims and arguments which have not heretofore been treated by the Court"); *id.*, Affidavit at 3 (mentioning "a Sixth Amendment claim of ineffective assistance of counsel" as a claim that "should have [been] raised in my initial petition," and which, presumably, would be raised in the amended petition). We will review the district court's exercise of discretion only by looking to the contents of the motion that the court had before it, not to the substance of Mr. Burbage's late-blooming, more nuanced argument.

Furthermore, the district court's second reason for denying the motion is adequate standing alone. The motion to amend was filed nearly a month after the magistrate judge issued his findings and recommendations; three months after Mr. Burbage's first amended petition was filed, and more than eight months after his § 2255 action was commenced. The district court reasonably declined to permit amendment "at this late date." R., Doc. 12, at 2. "We have often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quotation marks omitted).

Moreover, in *Viernow v. Euripides Development Corp.*, 157 F.3d 785 (10th Cir.

11

1998), we affirmed denial of a motion for leave to amend where "the case was essentially over" because the trial judge had orally granted summary judgment to defendants but had not yet entered judgment. *Id.* at 800. In particular, we stated: "[W]e do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings." *Id.*

This case is similarly postured to *Viernow* because Mr. Burbage's motion came long after the expiration of the time for objections to the magistrate judge's report. All that remained was for the district court to accept the unobjected-to recommendations and dismiss the case. Mr. Burbage's explanation for the delay is inadequate. Consequently, no reasonable jurist could find that the district court abused its discretion in denying Mr. Burbage's motion to file a second amended § 2255 petition.

Mr. Burbage has failed to show that he can overcome the waiver of appellate review regarding the district court's adoption of the magistrate judge's recommendations and failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as to the denial of his motion to amend his petition. Therefore, we **DENY** his request for a COA, **GRANT** his request to proceed in forma pauperis, and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge

12