F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TONY MALDONADO, SR.,

Petitioner-Appellant,

v.

TWYLA SNIDER, OKLAHOMA
DEPARTMENT OF CORRECTIONS,
and STATE OF OKLAHOMA,

Respondents-Appellees.

No. 00-6222

(W.D. Okla.)

(D.C. No. 99-CV-449-C)

**ORDER AND JUDGMENT** [*]

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tony Maldonado, Sr., a state prisoner proceeding pro se, was convicted of two counts of distributing cocaine within one thousand feet of a public school after former conviction of two or more felonies, a violation of Oklahoma state law. He was sentenced to seventy-five years' imprisonment on each count, with each sentence to be served consecutively. The sentences were later modified on direct appeal.

After having exhausted his state remedies, Mr. Maldonado filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. (Because Mr. Maldonado filed his petition on April 5, 1999, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs.) In the petition, he raised various arguments, ranging from the giving of improper jury instructions to the rendering of ineffective assistance of counsel. The district court, adopting the report and recommendation of the magistrate judge, denied the petition. Subsequently, Mr. Maldonado sought a certificate of appealability ("COA") from the district court. The district court did not act on the matter, but we deem the COA to have been denied pursuant to this court's Emergency General Order of October 1, 1996. See 10th Cir. Emergency Gen. Order (issued October 1, 1996); see also Lopez v. Lytle, Nos. 99-2331, 99-2367, 2000 WL 1114098, at *1 (10th Cir. Aug. 7, 2000) (unpublished opinion) (discussing emergency general order). Mr. Maldonado now asks that this court grant his application for a COA, arguing

that (1) the trial court erred in instructing the jury on the range of punishment for the charged offenses, (2) the trial court erred in failing to provide a jury instruction on entrapment, (3) defense counsel rendered ineffective assistance by failing to request a competency examination, and (4) the trial court erred by failing to make an appropriate inquiry into his competency.

As a preliminary matter, the respondent asserts that this court lacks jurisdiction over this case because Mr. Maldonado never filed a timely notice of appeal after the district court denied his petition on June 30, 2000. In support of this contention, the respondent takes note of the following facts. Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court referred Mr. Maldonado's petition to a magistrate judge. On May 31, 2000, the magistrate judge issued his report and recommendation, which concluded that the petition should be denied. See Rec. doc. 13, at 1 (report and recommendation, filed May 31, 2000) [hereinafter R&R]. Under the local rules, objections to the report and recommendation were due by June 15, 2000. Mr. Maldonado, however, did not submit any objections. Instead, on June 29, 2000, he filed a notice of appeal with this court – a premature notice given that no final judgment on the petition had been issued by the district court. The next day, i.e., June 30, 2000, the district court did enter a final judgment, adopting the magistrate judge's report and recommendation and denying the petition. Under Federal Rule of Appellate Procedure 4, a notice of appeal with

respect to the final judgment had to be filed thirty days later, i.e., by July 31, 2000, to be timely.    See Fed. R. App. P. 4(a)(1)(A) (noting that the notice of appeal "must be filed . . . within 30 days").  Mr. Maldonado did not file a notice of appeal by that date.

So far as the record indicates, the respondent is correct in noting that Mr. Maldonado never filed a formal notice of appeal on or before July 31, 2000. However, we note that, on July 28, 2000, Mr. Maldonado did file a brief with this court entitled "Brief of Appellant" and that, in this brief, Mr. Maldonado raised the four issues described above as a basis for granting him habeas relief.  Given Supreme Court precedent, not to mention our liberal construction of pro se pleadings,  see Haines v. Kerner  , 404 U.S. 519, 520-21 (1972) (per curiam), we conclude that the "Brief of Appellant" served as the functional equivalent of a timely notice of appeal.    See Smith v. Barry  , 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by [Federal Rule of Appellate Procedure] 4 gives the notice required by Rule 3, it is effective as a notice of appeal.").  Consequently, we reject the respondent's jurisdictional argument.

In the end, however, we must deny Mr. Maldonado's application for a COA and dismiss the appeal because Mr. Maldonado failed to raise any objections to the magistrate judge's report and recommendation, as he was required, by June

-4-

15, 2000.[1]  It is well established that "[f]ailure of a [party] to object to a magistrate judge's recommendations results in a waiver of appellate review." Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996).  Mr. Maldonado's pro se status does not protect him from application of this rule because he was "properly informed of the consequences of his failure to object."  Id.; see also R&R at 15 ("The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives right to appellate review of both factual and legal issues contained herein.").  Though an exception to the rule may be made "where the interests of justice so require," Fottler, 73 F.3d at 1065, our review of the record leads us to conclude that the interests of justice do not require us to make an exception in this case.  Mr. Maldonado does not claim any circumstance for which the interests of justice might dictate a review of the waived issues.  Indeed, he fails to provide any explanation whatsoever for his failure to object to the report and recommendation.

---

[1]  Even if we were to construe Mr. Maldonado's premature notice of appeal as objections to the report and recommendation, these objections were still untimely because they were not filed by June 15, 2000.

-5-

Accordingly, we DENY the application for a COA and DISMISS the appeal.  We GRANT, however, Mr. Maldonado's motion to proceed in forma pauperis.

Entered for the Court,


Robert H. Henry
Circuit Judge