FILED
United States Court of Appeals
Tenth Circuit

April 24, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE TOLBERT,

   Petitioner–Appellant,

v.

ROBERT ULIBARRI; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

   Respondents–Appellees.

No. 08-2040
(D.C. No. 1:06-cv-01022-JCH-LAM)
(D.N.M.)

**ORDER**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

This matter is before the court on Lawrence Tolbert's "Objection to the

U.S. COA Denial of Certificate of Application [sic] of Appealability," which we

construe as a petition for panel rehearing. Tolbert requests that the panel revisit

its decision to apply the "firm waiver" rule that any issue not raised through

objections to a magistrate's report is waived on appeal, Moore v. United States,

950 F.2d 656, 659 (10th Cir. 1991), in our order denying a certificate of

appealability ("COA"), Tolbert v. Ulibarri, 2008 WL 4330386 (10th Cir. Sept. 23,

2008) (unpublished). We are persuaded by his petition that we should have

construed his premature notice of appeal from the magistrate's Proposed Findings

and Recommended Disposition as an objection, cf. Maldonado v. Snider, 12 F. App'x 868, 870 n.1 (10th Cir. 2001) (unpublished), and we now grant panel rehearing. We vacate our September 23, 2008, order and replace it with the order issued herewith.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

April 24, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LAWRENCE TOLBERT,

      Petitioner–Appellant,

v.

ROBERT ULIBARRI; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents–Appellees.

No. 08-2040
(D.C. No. 1:06-cv-01022-JCH-LAM)
(D.N.M)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Lawrence Tolbert, a New Mexico state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. Because each of his claims lacks merit, we deny a

COA and dismiss the appeal.

**I**

Tolbert was convicted by a jury on three counts of criminal sexual

penetration in the first degree, one count of kidnapping in the first degree, one

count of aggravated burglary in the second degree, and one count of aggravated

battery in the third degree.  He was sentenced to a total of 132 years'

imprisonment.  After the New Mexico state courts rejected his direct and

collateral appeals, Tolbert filed a pro se petition for federal habeas relief on

October 20, 2006.  Liberally construed, see Hall v. Bellmon, 935 F.2d 1106, 1110

(10th Cir. 1991), his petition claimed ineffective assistance of trial counsel,

ineffective assistance of appellate counsel, prosecutorial misconduct, and that the

combination of these led to denial of due process.  He requested an evidentiary

hearing.

The district court referred the petition to a magistrate judge, and on

December 5, 2007, the magistrate issued a "Proposed Findings and Recommended

Disposition" ("Report") without conducting an evidentiary hearing.  The Report

recommended dismissal on the merits and noted that:

> Within ten (10) days after a party is served with a copy of these
> Proposed Findings and Recommended Disposition, that party may
> . . . file written objections to such proposed findings and
> recommended disposition.  A party must file any objections . . .
> within the ten (10) day period allowed if that party wants to have
> appellate review of the proposed findings and recommended
> disposition.  If no objections are filed, no appellate review will be
> allowed.

Although Tolbert did not file a motion labeled as an objection, he did file a

"Notice of Appeal" on December 19, within the ten-day period.  See Fed. R. Civ.

P. 6(a)(2) (2007) (a time period in any court order of less than eleven days is

computed excluding weekends).  The notice contained no substantive legal

argument. On January 4, 2008, the district court adopted the Report in full and denied the petition. It subsequently denied Tolbert a COA.

On January 28, 2008, a panel of this court denied Tolbert's December 19 appeal as premature. On January 30, Tolbert filed a notice of appeal from the district court's order adopting the Report. Because we construe the December 19 notice of appeal as an objection to the magistrate's Report, cf. Maldonado v. Snider, 12 F. App'x 868, 870 n.1 (10th Cir. 2001) (unpublished), we conclude that Tolbert did not waive his right to appeal and proceed to consider his request for a COA.

## II

Because the district court did not grant Tolbert a COA, he may not proceed absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Tolbert must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Construing his application liberally, Tolbert seeks a COA on the same claims he made before the federal district court: (1) prosecutorial misconduct, (2) ineffective assistance of trial counsel, (3) ineffective assistance of appellate

- 3 -

counsel, and (4) a resulting denial of due process.  In addition, he challenges the decision not to hold an evidentiary hearing.[1]

Tolbert asserts prosecutorial misconduct for presenting evidence and testimony that was "in error" and "unclear."  We apply the standard articulated in Donnelly v. DeChristoforo, 416 U.S. 637 (1974), to claims of prosecutorial misconduct when a petitioner does not allege the prosecutor's argument directly affected a specific constitutional right.  Under Donnelly, habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair.  Id. at 642-48.  A careful review of the record reveals that Tolbert's complaint on this issue is that not all the forensic evidence collected placed him at the scene of crime.  In particular, he was excluded as the source of DNA from the victim's body cavities.  However, the DNA report did conclude that Tolbert was the source of the DNA found on the victim's face and bedsheet and calculated the probability of error at no more than 1 in 6.08 million.  Because reasonable jurists would agree that the presentation of inconclusive evidence does not render a trial fundamentally unfair, see Young v.

---

[1] To the extent that we can discern additional claims in Tolbert's application for a COA and opening brief, such as improper juror influence and double jeopardy, these claims were not raised before the federal district court, and we decline to consider them.  United States v. Jarvis, 499 F.3d 1196, 1201-02 (10th Cir. 2007).  In addition, we must reject Tolbert's claim that his state habeas counsel was ineffective.  Even construing his petition below to raise such a claim, prisoners have no constitutional right to assistance of counsel on state collateral attack.  Coleman v. Thompson, 501 U.S. 722, 757 (1991).

Workman, 383 F.3d 1233, 1238 (10th Cir. 2004), Tolbert is not entitled to relief on this claim.

Tolbert also claims that his trial and appellate counsel were ineffective in failing "to get[] the courts to review" his allegations that he was convicted based upon flawed or insufficient DNA evidence and related testimony, including in failing to call additional witnesses. To establish ineffective assistance of counsel, Tolbert must show (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that this conduct prejudiced the proceedings such that, absent counsel's errors, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). We proceed based on "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 690 (quotation omitted).

Upon reviewing the pleadings and the record, we conclude that Tolbert cannot show that either counsel's performance was deficient. Trial counsel moved to suppress the DNA evidence and to exclude associated testimony, and appellate counsel reasserted the challenge. Both attempts were unsuccessful. In addition, counsel repeatedly challenged the DNA evidence as unreliable and inconclusive at trial, highlighting the very weaknesses in the prosecution's case that have been the focus of Tolbert's collateral challenges. We conclude that it

- 5 -

was within the wide range of permissible trial strategy to focus on the weaknesses in the state's evidence rather than call an additional expert witness. See Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney."). Thus, reasonable jurists would agree that counsel's performance at each level met the constitutionally guaranteed standard.

We construe Tolbert's assertion that the above claims led to a denial of due process as one of cumulative error. Cumulative error applies only when there are two or more actual errors, and it does not apply to the accumulation of non-errors. Castro v. Ward, 138 F.3d 810, 832 (10th Cir. 1998). Because the alleged ineffective assistance of trial and appellate counsel occurred in separate proceedings and Tolbert has not shown prosecutorial misconduct, reasonable jurists would agree that "there is nothing to cumulate." Young v. Sirmons, 551 F.3d 942, 972 (10th Cir. 2008) (quotation omitted).

Finally, Tolbert asserts that he should have been granted an evidentiary hearing below. Because we conclude from the record before us that he is not entitled to relief, reasonable jurists would agree that neither the magistrate nor the district court needed to hold an evidentiary hearing. See Young, 551 F.3d at 970 ("[Petitioner's] allegations, even assuming them to be true, are insufficient to [require relief under] Strickland. Therefore the district court was not required to hold a hearing.").

## III

For the reasons set forth above, Tolbert's request for a COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge