FILED
United States Court of Appeals
Tenth Circuit

July 28, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE BANKS,

        Plaintiff - Appellant,

v.

CAPTAIN HODAK,

        Defendant - Appellee.

No. 10-1031

(D. Colorado)

(D.C. No. 1:09-CV-00285-DME-MJW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant George Banks, a federal prisoner proceeding *pro se*, appeals the district court's grant of summary judgment to defendant, Captain Hodak, in

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Banks' civil rights action alleging mistreatment by prison officials. We conclude we lack jurisdiction over this appeal and dismiss this matter.

## BACKGROUND

On February 25, 2009, Mr. Banks filed an amended complaint against Captain Hodak (captain of the Federal Correctional Institution-Englewood ("FCI-Englewood")), alleging three civil rights violations under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Claim one alleged that Mr. Banks was assaulted by a correctional officer and subsequently denied medical treatment, in violation of the Eighth Amendment. Claim two alleged that all inmates at FCI-Englewood are denied legal access, in violation of the Fifth Amendment's due process and equal protection guarantees. Claim three alleged that the Bureau of Prisons ("BOP") administrative review process was arbitrary and capricious. As for relief, Mr. Banks sought immediate medical attention; transfer to another facility; money damages; criminal prosecution of Captain Hodak; and a copy of the incident report relating to the alleged assault on Mr. Banks.

In his amended complaint, Mr. Banks acknowledged that he had not exhausted all of his administrative remedies, but claimed that he was "[i]n the process of exhausting" them. Doc. 8 at 7, R. Vol. 1 at 41. He apparently based this claim on the fact that he had initially filed, on January 20, 2009, a "Request

for Administrative Remedy" with the Regional Office, alleging injury from the staff assault. This request was denied, however, on January 27, 2009, because Mr. Banks had failed to first file a request with his correctional institution, and the matter was not sufficiently sensitive that it warranted bypassing the warden's initial review.

Mr. Banks filed no other administrative proceedings relating to the assault claim, nor did he file any administrative remedy proceedings concerning the second and third claims in his complaint. Thus, it is undisputed that Mr. Banks did not exhaust his administrative remedies before he filed the instant action.

As indicated above, Mr. Banks filed this <u>Bivens</u> action in February of 2009. On July 23, 2009, defendant Captain Hodak filed a motion to dismiss for lack of jurisdiction and for failure to state a claim. The matter was referred to a magistrate judge, who "in view of the exhibits and affidavits attached" to the motion, converted it into a motion for summary judgment. On November 18, 2009, the magistrate judge recommended that the motion be granted, on the ground that "the submitted affidavits and documentation [ ] show that the plaintiff did not exhaust his administrative remedies with respect to any of his three claims." Doc. 108 at 11, R. Vol. 1 at 302. Neither party filed objections to the magistrate judge's report and recommendation.

On January 15, 2010, the district court adopted the recommendation, granted the motion for summary judgment, and dismissed the action on the

ground that Mr. Banks had not exhausted his administrative remedies as required by the Prison Litigation Reform Act of 1995. 42 U.S.C. § 1997e(a). Judgment was entered on January 20, 2010.

Mr. Banks filed his notice of appeal on February 1, 2010, and sought to proceed on appeal without prepayment of fees. On March 8, 2010, the district court denied Mr. Banks' request to proceed without prepayment of fees, finding that the appeal was "not taken in good faith because Plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal, and particularly on the issue of his failure to exhaust administrative remedies." Order, R. Vol. 1 at 376. Mr. Banks has renewed that request in this court.

Meanwhile, on February 4, 2010, this court ordered Mr. Banks to file a memorandum brief addressing the question of whether our court lacked jurisdiction to hear his appeal because he failed to file timely objections to the magistrate judge's recommendations. On March 9, 2010, Mr. Banks filed a response in which he asserted he did file objections, but there had been an unspecified mail room problem.[1] By order of March 16, 2010, the jurisdictional issue was referred to the panel deciding the merits of this case. We accordingly turn to that question first.

[1]Specifically, Mr. Banks alleged in his memorandum brief filed in response to our February 4, 2010, order that "Mr. Banks did file remedies. Staff delay or lose them." 3/9/10 Memorandum of Facts at 1.

## DISCUSSION

"[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." Id. There are two exceptions where the firm waiver rule does not apply: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." Id. (quoting Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005), and Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996)). Neither exception applies to this case.

There can be no dispute that Mr. Banks, a *pro se* applicant, was informed of the time period for objecting and the consequences for failing to object. The magistrate judge's recommendation explicitly stated, in bold letters:

> the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Doc. 108 at 11-12, R. Vol.1 at 302-303. Accordingly, the first exception is unavailable to Mr. Banks to salvage our jurisdiction.

The second exception requires, as discussed above, a demonstration that the "interests of justice" mandate overlooking the would-be appellant's failure to file objections to the magistrate judge's report. "Although 'interests of justice' is 'a rather elusive concept,' we have considered factors such as 'a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised.'" Duffield, 545 F.3d at 1238 (quoting Morales-Fernandez, 418 F.3d at 1120). "When we consider whether the importance of the issues raised might trigger the 'interests of justice' exception, we have said that, '[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to review for plain error.'" Id. Plain error review, in turn, requires a showing of "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputations of judicial proceedings." Id. (quoting United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005)).

Whether viewed through the lens of a plain error analysis, or simply through the lens of the "elusive concept" of "interests of justice," we conclude that Mr. Banks fails to demonstrate that the second exception should apply and excuse his failure to file objections. Mr. Banks does not claim that he was

unaware of the obligation to file objections within ten days, nor does he seriously claim that he tried to comply with it, other than his vague and unsupported claim that the mail room staff somehow delayed or lost his objections. Given the volume of other pleadings which traveled successfully from his prison cell to our court and the district court, there appears to be no serious or consistent problem with the mail services within the prison.

We also note that the district court examined the magistrate judge's recommendation for "clear error," found "no clear error on the face of the record," and adopted that recommendation "in full." Order at 2. The magistrate judge had determined that Mr. Banks had failed to exhaust his administrative remedies regarding his three <u>Bivens</u> claims. Were we to accept jurisdiction in this case and review the district court's order, we would also conclude that the magistrate judge's recommendation to grant summary judgment for failure to exhaust was not plainly or clearly erroneous.

In short, we find that we lack jurisdiction to consider this appeal and we accordingly dismiss it.

## CONCLUSION

For the foregoing reasons, we DISMISS this appeal, we DENY Mr. Banks' request to proceed on appeal without prepayment of fees, and we AFFIRM the

district court.  Mr. Banks is ordered to immediately pay the unpaid balance of his filing fee.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge